Good morning, Your Honors. Roy Cattrall, Cattrall Law Firm, on behalf of the Appellant Marshall Block. Your Honors, in this case, a seller of an item enters into a contractual agreement with an online venue for him to list his item that he wishes to sell on that venue's website, so that visitors to that website may place bids on the item if they wish to purchase it. That contract, drafted by the venue, provides, among other things, that the venue is not a traditional auctioneer, but rather just a venue, and quote, is not involved in the actual transaction between buyers and sellers. It also provides that no agency relationship is either intended or to be created by the agreement. The question presented in this case is, if the seller, Mr. Block in this case, actually finds out that that purported online venue here, Ebay, was not acting as a mere neutral or a mere venue, but actually acted to interject itself into the transaction between seller and buyer, does Mr. Block have a recourse under the agreement? The district court held that he did not. We believe that the district court got that wrong. The district court held that the contract was to be interpreted in such a fashion so that the term that the Ebay was not involved in the actual transaction between buyer and seller was not to be viewed as an enforceable promise that Mr. Block could enforce, and also that the no agency term in the agreement was also not actionable by Mr. Block. Separately, the district court held that Mr. Block's separate claim for torturous interference with prospective advantage or prospective contractual relationship could not stand for the independent reason that a breach of contract could not be the predicate wrongful act for that claim. Now, I think that the, to begin with, the breach of contract result that the district court reached was wrong, even if we look intrinsically at the contract itself. The contract tells us that it is not to be interpreted so as to create an agency relationship between the venue here, Ebay, and anybody else, and yet if one adopts the district court's interpretation, that is precisely what it allows. The district court's reasoning allows Ebay to interject itself between the transaction between seller and buyer because it says that representation was only a limitation of liability. It's not a future enforceable promise, and therefore, even if Ebay is doing the things that you are claiming it is doing, that is, acting as an agent, the term that it is not involved in the transaction between seller and buyer is not a promise by Ebay that it will not do so. But if you interpret the contract that way, then that nullifies the no agency term of the contract, which says the contract is not to be interpreted in a fashion that creates an agency. In fact, it is to be interpreted precisely the opposite. And that, I think, shows a disconnect in the way in which the district court went about interpreting that term. I think a further complication that is found with the district court's contractual interpretation is that the contract also tells you how the agreement can be changed, not just the promises in the contract, but any aspect of the contract. That's found at the very end of the contract. On Excerpt to Record 157, it says that we, either party to the agreement, may amend this agreement at any time by posting the amended terms on the site or by having a hand-signed document amending the contract. Can one reasonably assume from reading Ebay's statement what Ebay is intending to do? Yes, I believe so. And I believe that the reasonable interpretation of the contract is that Ebay is just a venue. You come to our site, you can post your things up for sale, and people can bid to leave us out of it. And the question becomes, if Ebay is not out of it. Wait a minute. And let us bid. Let us bid, correct. You have to have some bidding process. That is absolutely true. And it's set forth in the website, every place. Everyone knows those are the rules of the game. That is true. So how is there – I have a problem considering this to be a promissory obligation as opposed to a representation. Okay. Which may be the basis for a fraud case, assuming you had other – or didn't have other issues. Because once Ebay says, we're a neutral, keep us out of it, we will give you the facility, if you will, to place your item up for sale, and we will give the facility on the other side for you to bid. If it had not included the term that said, we are not involved in the transaction between buyer and seller, then they could adopt any pricing, any selling, and any bidding formulation that they chose. But what they put in the agreement is very specific. They said, we are not involved in the actual transaction. Now, it turns out they are. Because when a bidder places a bid for $50, Ebay has a computer program that says, wait a minute, we're not going to tell the seller $50. We're going to tell them $40, if that's all it takes to keep that bidder in the lead. And if the auction closes at that point, the $50 bid is not what the buyer – the seller sees. Do they tell them $40, or do they say, we're only going to accept a bid at a certain level? They don't say $40 is the limit, do they? No, no, they don't say it's the limit. But remember, the bidder placed a bid. He entered $50. Ebay informs the bidder that that is a binding contract. The minute you place a bid, you have to go through with it, you know, barring some exceptional circumstances. But it turns out that that is not what Ebay communicates to the seller. It's not. The problem is, with your argument, at least as I see it, if you say to somebody, the maximum that we're going to accept, the maximum that will be accepted is $70 or some number, then that's where you start a bidding situation. Somehow, somebody's got to know where the cutoff is, where we'll no longer be responsible. Isn't that all Ebay is doing here? Respectfully, I don't think that is what Ebay is doing. Ebay doesn't set a maximum. The bidder enters a number, $50, $70, in your Honor's example. That's right. That's a bid. And Ebay tells people on the website, that is a bid. Think long and hard before you place the bid, because you are committed once you place that bid. But $70 never makes it to the transaction if Ebay has its way, because Ebay doesn't inform the seller that there's a $70 bid. And I'm not somebody who is very familiar with these systems. Isn't the Ebay system well known? The first question would be, doesn't everybody who enters a bid on Ebay understand what the system is? Many people do. It's not in the user agreement. And the user agreement says that these are all the terms of the agreement. Is there no disclosure by Ebay about how the system works? Indeed, there is. But it's somewhere in some unindexed page in Ebay's website. You can go to the help pages as to how to bid. And they provide the example, which is the basis for our lawsuit. It's their own admission. I mean, it doesn't say if you bid $40, you may start at $20, and then you will go up as necessary until you reach $40. And you may not get it. But if you reach $40 and there's no higher bid, you will get it. There's no explanation? There is an explanation. Not in the agreement. There's a separate website page, and the help page is for the bidding. But the point here that we're making, this is not a fraud case, I think, as one of Your Honors referred to. It's a breach of contract case. And if you breach a contract, you're no less liable by disclosing that you're breaching it. Doesn't the contract, number one, doesn't the contract inform you anywhere that if you want to know how the system works, look on the whatever web page or whatever it is? The contract incorporates a reference of certain pages as to policies for listing and selling, and none of those pages that are referenced in the contract provide that information. That is found elsewhere on the website. So just to be clear, so we are not saying that this is undisclosed. We're saying it's undisclosed in the agreement, number one,  This is not a concealment or a fraud case. Again, I say, if one is liable for breaching a contract or found to breach a contract, one is no less liable because one informs you that they're about to breach your contract. If we do what you're asking us to do, good-bye eBay, isn't that right? No. I think they could just amend their contract and take out the clause that says we're not involved in the transaction and say we reserve the right to act as a proxy, as an agent for the bidder, to facilitate bids. Or say they don't. They don't act as an agent for anybody. Yes, well, our position is that they do, and that the way they do that, Your Honor, is a bidder places a bid for $70, and if they're truly uninvolved, not an agent for anybody, that $70 ought to be communicated to the seller. If you were to do this by analogy through the United States mails, the post office could not intercept your letter bidding $70 and say, let me scratch that $70 off and put in $60. I could get you a better price. They would be an agent for the bidder at that point. If they put in the contract, please see website, whatever, the expo, 325, would that cure the problem? Well, I think so long as they made the representation that we're not involved in the actual transaction between seller and buyer, and then they also said what you said, that would perhaps create an ambiguity. I mean, I think they have to be straightforward. They drafted the contract. You cannot say, and it's in a limitation of liability section. Why does this seem so odd to me that somebody goes on eBay without knowing how the system works? Your Honor, I'm going to read the contract, but you want to know how bidding works. No, Your Honor, and I appreciate that point, and I think that that point would carry some weight with respect if we were seeking a claim of fraud or nondisclosure. Well, even with this, when they say we are not involved in the actual transaction between buyers and sellers, well, what does that mean? We're doing something. We're running a bidding machine. That's right. That's right. So what does that clause mean? If you think it's ambiguous, you might want to go and look at the website and see exactly how it works. Well, if it is ambiguous, then it certainly should not have been decided on a motion to dismiss, right? The WPP Luxembourg case of this Court says. Well, I'm just trying to find out what this is about because I'm not an eBay user. Right. So it's always nice to understand the practicalities of how things work. No, I appreciate that. And if I wanted to sell something on eBay, I'd want to say, well, what does it mean? When do I get the money? How does it work? And if I knew how to use – what do you say this is on? It's on the help page on our web page. Information on the web page? Yeah, of eBay. All right. If I knew how to get to the web page, I would certainly want to go to the web page and see how it works. And it tells you that. Yeah. But, Your Honor, our claim here is more fundamental than that. Let's say we knew as the seller everything about the inner workings of this proxy bidding machine. That would still not alleviate the fact that we are being shortchanged because the bidder bid $70 and eBay only told us that it was $60. No, the bidder doesn't bid $70. The bidder says that's the maximum I will bid under the terms and conditions of the bidding process. What I'm bidding is $60. And then if someone else comes in and bids $62, I'll go $63. That's the increment. No, but, Your Honor. Up to $70. And at $70, adios, I'm dropping out. That's right, Your Honor. Let me go back. I think there's a fundamental issue here that maybe you're not aware of. How is this language, in the context where it's found – and I assume you agree we have to look at it in the context – how is that considered a promissory undertaking? It may be a representation, but how is it a promissory undertaking? Because, Your Honor, if you read it in context and if you hold that it is not a promissory undertaking, that is, that it is not enforceable by any eBay user, then what you say is that eBay has free reign to choose the price at which any transaction closes. No, you don't say that. What you say is what it says – I think what it says in this contract, assuming it were some kind of undertaking – there are two contracts here, and I think that's maybe where we have a different view. There is the contract between eBay and the various users, buyers, sellers. And then there is what is referred to here as the actual transaction, the second contract. That's what they're referring to, the bidder – I mean, the owner, seller, and the buyer, purchaser. That's – no. And what they're saying is, in that instance, that's between the two of you all. If you don't get what you bargained for, if the widget is a defective widget, don't come looking at us. If he doesn't provide – if he doesn't mail it to you within 30 days as he promised, don't come looking to us. That's what it seems to me when you read the context that we're talking about here. Your Honor, but if – accepting your explanation as true, the don't – we're not involved between the negotiation or the contract between buyer and seller means that the buyer and seller get to fix the price. Right. And eBay should not be involved in fixing the price. They do fix the price. The buyer and seller. The buyer and seller. The bidders set the price, like just a traditional bid. But, Your Honor, they have to do it in a way that does not involve eBay. And in your Honor's representation, what your Honor would have us do is have the bidder tell eBay, bid on my behalf up to $70, but get it from me for less. I am authorizing you. I am deputizing you to bid up to $70. But if you can get it from me for $61, do it. That's not what's happening here, though. I think that's the problem we're having. I think we have a different concept of this whole mechanism. It just seems to me this is an electronic age bidding process like any other bidding process. If people got in the same room and the owner or the seller knows the maximum or the minimum it's going to take and the bidder knows the maximum it's going to take, but it doesn't stand up there and say, oh, by the way, Mr. Bidder, I'll go as high as $80 and tell everybody in the room, the other bidders. This seems to me just an electronic way of converting what is a typical auction. You're right. But you never would disclose what your top bid is going to be. Yeah. But in that case, Your Honor, there's plenty of case law on traditional auctions. They're trying to take themselves out of the realm of the traditional auction, so they don't want it that way. And the reason they don't want it that way is because in a traditional auction, the case law is that if you inform and you give a power to the auctioneer to bid on your behalf up to a certain amount, he is an agent. And that agent... That's precisely what you're avoiding. And they're stating that. We are not going to be involved in that transaction. Here are our rules. As an owner, you are a bidder. You tell us the maximum you're going to bid. As a seller, you tell us the minimum you're going to accept. And then you go at it in the traditional way. Well, with respect, the district court did not reach the question as to whether their conduct was a breach of that, whether we call it representation. They just said there's nothing enforceable here. So, and what we alleged is not what Your Honor is describing. We allege that that conduct that eBay is undertaking is bidding on behalf of the bidder. If you accept those allegations as true, they'll have an opportunity to disprove that. It seems to me that states a case for a breach. And as Your Honor said, and I know I don't have any time left, but we have a separate count of the tortious interference, we just think Korea Supply governs that. As Your Honor said, there is a separate contract between the bidder and the seller, a prospective contract once the transaction closes. And by bidder, by eBay interjecting itself into the bidding and the receipt of the bids, it impedes the seller from receiving the full amount that the bidder committed himself to paying. Let me ask you one more question about what Judge Huck said. This introductory statement, we are not involved in actual transaction between buyer and seller, is that a promise that we will not be, or is it a representation of how this operates? Is it a misleading statement as opposed to a breach of contract? Well, I think it's both. Well, why is it a contract? It doesn't state that we will do this. Right. You know, we will, with your bid, we're going to stay away from it. It just describes how the system operates, which may be a misleading statement, description of the system. But why is it a breach of contract? It's a breach of contract we maintain for a couple of reasons. The first is that if you ascribe to the present tense drafting of it some value and therefore say it's not a future promise, it's just saying what we're doing now, describing the system, then you can't, it seems to me, reconcile that with the remainder of the contract that says at the last page, we may amend this agreement at any time by posting the amended terms on the site and it has to be signed. They're saying we may, this is how, the only way we can amend the agreement, not amend the promises, but any aspect of the agreement, the limitation of liability, the representations, the declarations. So if they say today we are not involved in the transaction, that doesn't mean we won't be doing it tomorrow. Well, in order to effect that change, there's a mechanism by which the agreement requires eBay to do, and they didn't do that. So I think right in context, it is a promise. I think the other aspect of it is that if you read that as not being a promissory undertaking that is enforceable by the bidders, then you're allowing eBay to become an agent, whether they do this or not. You're allowing them to act on the bidder's behalf. And the contract itself tells you that you are to interpret the contract as no agency being intended or created by the agreement. And lastly, under the objective theory of contract interpretation, I think if eBay takes the position that nothing in the contract precludes them from setting the price, from awarding the sale to something other than the highest bidder, then I think that would shock, you know, the millions of people who list items on eBay to say eBay can do what they want because this is not a promise. This is just a declaration that's unenforceable by any of us. In fact, in the district court, the judge asked eBay's counsel, let's say that the system mistakenly transmitted a bid of $50 as $40 to the seller. Would there be a recourse? His initial reaction, and it's in the transcript, was it seems wrongful and there probably would be a recourse under breach of the implied covenant of good faith. But he said, but I don't think it's a contract issue. Well, of course, an implied covenant of good faith and fair dealing is a contractual term. If it's wrongful for eBay to transmit a $50 bid as a $40 bid, that prohibition must come from somewhere in the agreement. And the way the district court analyzed the contract, there's nothing in the agreement that would preclude that, and we just don't think that's a reasonable interpretation of the contract. Thank you. Thank you, Your Honor. May it please the Court. Good morning. I'm John Dwyer on behalf of eBay, Inc. I'd like to start by addressing a question about where connected to the user agreement are these explanations of how the bidding system works. And Judge Reinhardt's question about don't people understand when they come onto the website how the bidding system works. Attached is Exhibit 1 to the complaint that ER151 is the user agreement. When you look at that user agreement, Your Honors, in the upper left-hand corner of the user agreement, you'll see, well, first of all, under scope in the second paragraph, it says, we strongly recommend that as you read this user agreement, you also access and read the linked information. And then if you see up in the upper left-hand corner, there's something that says bidding and buying. At the time, if you moved your cursor to that, it would provide a drop-down menu, which included a link to automatic bidding. And if you clicked on automatic bidding, it would come to what is Exhibit 4 to the complaint at ER166, and that is the provision that describes exactly how the automatic bidding system works in great detail. It's interesting, counsel for plaintiff talks about how they believe that the statement that we do not get involved in the transaction is somehow misleading. He never alleges that they were misled about how the automatic bidding system works. He never alleges that his client went onto the website and was surprised that eBay followed the rules that it posted on its website. That's nowhere to be found at all in any of his arguments, either in the papers or this morning. So let me just briefly talk about the two provisions. This is a somewhat unique contract case, because obviously it is our position that the issue here is not whether or not the allegations allege a breach. The question is whether or not the allegations assert that there was a breach of a provision that was a legally enforceable promise by eBay. There's two provisions. The court addressed both of them. I'd like to just address them briefly this morning. The first is a provision that says, quote, the heading is no agency, and then it says no agency, partnership, joint venture, employer-employee, or franchisor-franchisee relationship is intended or created by this agreement. It is simply a statement that the user agreement does not create an agency relationship and is not meant to create an agency relationship. It doesn't say that we, of course, don't believe eBay in any way acts as an agent of its users by providing a software tool that they call their automatic bidding system. But even if they did, it would not violate this contract. This contract does not say eBay shall not become an agent of its users. It simply says, as we enter into this agreement, let's make it clear, users, we are not your agent. The reason for that is because eBay wants to limit its liability and doesn't want an argument, doesn't want to find itself in a court of law where one of its users argues that this contract created a special fiduciary relationship with eBay and therefore imposed additional obligations on eBay. This statement is a limitation of liability provision. It simply says that it's a condition for you using our site, you agree that this contract does not create an agency relationship. The other provision is actually found in a section of the agreement called limitation of liability. It's the fourth sentence in about a six-sentence section. And as Judge Huck said, I believe that the rules in California are clear that when you read a contract provision, you need to read it in context and give it its normal, reasonable interpretation. So you start with the first two sentences of limitation of liability provision. It explains how eBay's liability is limited. It says you, meaning the user, you will not hold eBay responsible for other users' content, actions or inaction, items they list, or their destruction of allegedly fake items. You acknowledge that we are not a traditional auctioneer. Under California law and other states, there are rules that apply to auctioneers. And this is saying you agree, user, that we are not an auctioneer. Then the next three sentences explain in plain English. I actually think eBay should be applauded for trying to have a user agreement that's close to plain English. It tries to explain why that is. Why is it that eBay is not a traditional auctioneer and therefore its liability is limited? And what does it say? It says instead, our sites are venues to allow anyone to offer, sell, and buy just about anything at any time from anywhere in a variety of pricing formats and locations, such as stores, fixed price, and auction style formats. This is the sentence. We are not involved in the actual transaction between buyers and sellers. And then it goes on. While we may help facilitate the resolution of disputes through various programs, we have no control over and do not guarantee the quality, safety, or legality of items advertised, the truth or accuracy of users' contents or listings, the abilities of sellers to sell items, et cetera. What it's saying is, hey, if you think you're with Christie's or Sotheby's, you're not. Christie's and Sotheby's print the catalogs. They're responsible for the representations in the catalogs when they have an auction. They check the provenance of the Monet or they check the quality of the bicycle that they sell. They take the property on consignment and actually have the rights to the property when they auction. eBay is saying, we want to make sure you understand. We don't do that. We don't write the listings. The sellers write the listings. We don't take the property in. We can't tell you anything about the property that's selling. That's what it does. And we submit, Your Honors, that there is simply no way you can read this provision as creating an affirmative obligation on eBay. It's part of a provision that is meant to limit eBay's liability, not create it. I would then just add very briefly, just so the Court fully understands, even if those two sections are, you know, even if you look at those two sections, as we set forth in our papers, we don't believe there was any conduct inconsistent with those. And certainly the Court earlier asked about whether or not maybe these could form, be the basis for misrepresentations. As we set forth in our papers, we don't think that's the case. First of all, there's no conduct inconsistent with these two statements. Secondly, if you look at misrepresentation theory, you clearly need to look at the other disclosures that are made on eBay's website. And as I walk the Court through Exhibit 1 and Exhibit 4, make it abundantly clear how the automatic bidding system works. And finally, as we set forth in our papers, plaintiffs failed to adequately allege that they relied to their detriment in that they would have acted differently if they understood how the automatic bidding system works. Just so the record is 100 percent clear, and then I'll give them my time, the way this system works, so the Court understands, is a seller can list their item, they provide the description of the item, and they can set a minimum price. Let's say it's $50. Let's say it's a bicycle for $50. At that point, buyers can come, and the first buyer comes and says, okay, I'm willing to pay $50. The next person can come and can either increase the bid to the next bid increment, and I think in the $50 range, each increment I think is $1. So the next bidder can't come and bid $50.50, but they can bid $51, and they become the next bidder in the process. Or they can say to the machine, I'm willing to pay $60. And under the rules set forth in Exhibit 4 to the plaintiff's complaint, what that means is that the machine, it's just a software tool, that's all it is, what it does is it first makes a bid on your behalf at the next increment at $51. And then if nobody comes along, you win at $51. If somebody comes at $52 or $53, then it will increase the increment by one bid amount. That's all it does. Final point. eBay is no more involved in the transaction through the automatic bidding system than it is in the manual bidding system. eBay basically creates a venue in which it provides software tools. And there are many, many software tools that eBay provides, different ways people can bid. It doesn't intercept itself. It doesn't intercept the bid. It simply allows you to use those tools. And whether or not the tool is simply taking a manual bid and communicating that to the buyer or the seller, or taking a maximum bid and doling it out in increments, there's no more involvement by eBay in one or the other. With that, unless the Court has any questions, I will submit. Thank you. Thank you very much. One brief point on where we left off. His explanation was correct, but I think the conclusion was incorrect. Yes, if I bid $60, eBay will not transmit that as $60. It may get it at an increment of $52. And it keeps the $60 bid hidden from the seller. When the bidder put a bid for $60, he committed to paying $60 for that item. Doesn't he commit to paying up to $60 for the item? No, Your Honor. Well, and that's what we have to. And that's an interpretation, and that's yours. And we have to look at it and see if what is a reasonable interpretation. That's correct. And my point is that if you accept my interpretation, that a bid of $60, you commit yourself to paying $60, but eBay actually takes that and represents it to the seller as $52, thereby short-changing it. I understand when you say when the seller says the minimum I'll accept and the buyer says the maximum I'll pay. That's precisely what they mean. I'll pay up to. I will accept down to. And that's – I don't know how anybody can interpret anything else. That's absolutely correct. But the bidder doesn't say that, is my point. Because eBay tells the bidder the bid you put. Judge Brown has a question to you. Doesn't everybody who participates understand just what I just said? I don't believe so, Your Honor. I think sellers like you don't. Well, I think sellers argue against it. But it does say that in the accompanying material, which there's a dispute as to whether that's part of the contract or whether it's a separate contract or whatever it is, is that all set forth in the material that your opposing counsel says? If you look at this sheet, it says look at section so-and-so of our – whatever the other document is that you also find on the Internet. No. The user agreement itemizes, and it's in the excerpts of records, specific pages whose policies are incorporated into the agreement, and it tells people to link on those pages. None of those pages contain that explanation. And that's just verifiable. Now, the explanation of the proxy bidding system is somewhere on eBay's site. It's not part of the user agreement. It's not part of the pages that are linked to the user agreement. The user agreement says these are the entirety of the terms of our agreement. And the point here as to the intermeddling is that there really is a short change being made to the seller. Well, it is under your definition. But if what the – if what is said I will pay up to, then there is no – there's no misunderstanding. There's no mis-anything. Well, Your Honor, but the way to test that proposition is to take eBay out of the equation. Let's assume a hypothetical where there was just a buyer and seller, so there clearly could not be any involvement by eBay. Standing on the street corner. Exactly. All right. I'm standing on the street corner. Judge Farris is standing on the street corner. I'm going to sell him my bicycle. Okay. I know I'm not going to take less than $50 for that. He knows that he's not going to pay more than $80 for it. He's not going to tell me right off the bat I'm going to pay $80, because if he does, I'm going to sell everything I've got to him. So – and you say he's offering a bid of $80. And my – I think what you really are saying is he's offering to bid up to $80 on the terms, conditions set forth in the process. And the process itself sets forth the conditions, which are increments, and it only goes to the next increment if there's a competing bid. Yeah, but – I think it's not $80. It's $80 based on certain terms and conditions. No, but, Your Honor, what's missing from your hypothetical explanation with respect is on that street corner between yourself and Judge Reinhart is that there are plenty of other people on the street corner who are making bids, and when you decide $80, you do that on the basis of the bids that have been placed. Precisely the point. And that's right. And what would be wrong is for you to then say, you know, I don't want to stand here on the street corner until Judge Reinhart makes up his mind to close the transaction, but guess what? I'll get my friend Freddy here, and I'll tell him secretly, don't bid more than $80, but see if you can get it from me for less. That's not what's happening here. Well, I just – Because Freddy is the intermediary who's running – my colleague over here, who's running back and forth. Right. Who knows – who doesn't know and doesn't care. Well, he's going to say, Judge Hecht's going to pay $65, and he's going to run back. Just like – just like in arbitration – or mediation. That's what – That's right, Your Honor. But the fact that it's a – You don't have to hit no dog in the fight. The fact that it's a software doesn't make any difference as opposed to a live person. If Freddy was a robot, that you had said, pay up to $80, but try to get it from me for less, that would be injecting Freddy the robot or Freddy the person into the transaction, and he would be working on your behalf. Because if he gets it for you for $65, you were willing to pay $80 and close that transaction, which I tried hard at $80, and he was shortchanged. Thank you, Your Honor. Thank you very much. Thank you all. The case just argued will be submitted.
judges: Huck, Farris, Reinhardt